UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| KENNETH GIBBS, JR, MARIA ST. CYR, INDIVIDUALLY AND O/B/O THEIR MINOR CHILD, T.G. | CIVIL ACTION |
| VERSUS | NO: 09-6520 |
| KELLY CUNNINGHAM, BRIAN CUNNINGHAM, ABC INSURANCE COMPANY, DAVITA, INC., A/K/A SLIDELLY KIDNEY CARE A/K/A SLIDELL KIDNEY CARE CENTER AND DEF INSURANCE COMPANY | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Slidell Kidney Care's Rule 12(b)(6) Motion to Dismiss (Doc. #7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kelly Cunningham's Federal Rule 12(b)(6) Motion to Dismiss (Doc. #12) is **GRANTED**.

This matter comes before the court on a motion to dismiss filed by defendant Renal Treatment Centers-Southeast, LP d/b/a Slidell Kidney Care, improperly named as Davita, Inc., a/k/a Slidell Kidney Care a/k/a Slidell Kidney Care Center ("Slidell Kidney Care") (Doc.#7), and a motion to dismiss filed by defendant Kelly Cunningham ("Cunningham") (Doc. #12). Both Slidell

Kidney Care and Cunningham seek dismissal of claims brought on behalf of the minor child, Taylor Gibbs, and dismissal of claims brought by Maria St. Cyr.

Taylor Gibbs is a minor child born of the non-marital relationship between Kenneth Gibbs and Maria St. Cyr. Kenneth Gibbs and Maria St. Cyr seek to bring claims on behalf of Taylor Gibbs. Pursuant to Louisiana Code of Civil Procedure article 683(B), a "tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemancipated minor, when one or both of the parents are dead, the parents are divorced or judicially separated, or the minor is born outside of marriage." Neither Maria St. Cyr nor Kenneth Gibbs was appointed to be Taylor Gibbs' tutor by a court of the State of Louisiana for the purposes of this lawsuit before it was filed. Therefore, defendants' motions are **GRANTED** as to claims brought on behalf of Taylor Gibbs.

Further, Kenneth Gibbs is the allegedly injured party. Maria St. Cyr is his fiancée. They are not, nor have they ever been, married. Maria St. Cyr asserts claims arising out of injuries that the defendants allegedly caused to Kenneth Gibbs. Pursuant to Louisiana Civil Code article 2315, in a tort action "[d]amages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person." The exclusive categories enumerated in Louisiana Civil Code article 2315.2 who have an action for loss of consortium, service, and society in wrongful death, and

by extension, personal injury cases do not include fiancées.[1] Therefore, defendants' motions are **GRANTED** as to claims asserted by Maria St. Cyr.

Thus,

**IT IS HEREBY ORDERED** that Slidell Kidney Care's Rule 12(b)(6) Motion to Dismiss (Doc. #7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kelly Cunningham's Federal Rule 12(b)(6) Motion to Dismiss (Doc. #12) is **GRANTED**.

New Orleans, Louisiana, this __8th__ day of March, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Louisiana Civil Code article 2315.2(A) provides that:

> If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or siblings surviving.